NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    )
THE UNITED STATES SMALL BUSINESS    )
ADMINISTRATION AS RECEIVER FOR      )
PENNY LANE PARTNERS, L.P.,          )
                                    )
                    Plaintiff,      )
                                    )        Civil Action No. 08-1966 (GEB)
            v.                      )
                                    )        **MEMORANDUM OPINION**
MICHAEL NOVIO,                      )
                                    )
                    Defendant.      )
_____)

**BROWN, Chief Judge**

　　This matter comes before the Court upon the plaintiff the United States Small Business

Administration as Receiver for Penny Lane Partners L.P.'s ("Plaintiff" or "SBA") Motion for

Default Judgment.  (Doc. No. 25.)  The Court has reviewed the submissions and decided the

motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons

that follow, the Court will grant Plaintiff's Motion for Default Judgment.

## I.        BACKGROUND

　　The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the

resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No.

06-1894.  The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane

Partners, L.P." ("Penny Lane") against Defendant.  (Doc. No. 1.)  An Affidavit of Service for

1

Summons and Complaint served on Defendant was filed on June 18, 2008.  (Doc. No. 4.)
Thereafter, on July 16, 2008, Defendant filed a Motion to Dismiss.  (Doc. No. 5.)  The following
day, on July 17, 2008, the SBA filed its request for default.  (Doc. No. 6.)  According to the
docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office
denied Plaintiff's request for Entry of Default because Defendant "has filed a motion, therefore
appearing in this action;" the motion was filed in the matter prior to Plaintiff's request for
default.  Plaintiff filed a cross motion for default judgment on August 20, 2008.  (Doc. No. 9.)

     The Court filed an order and accompanying memorandum opinion on December 16,
2008, in which the Court denied both the motion to dismiss and the motion for default judgment.
(Doc. Nos. 10, 11.)  Thereafter, Defendant filed notice of interlocutory appeal on February 9,
2009, and while no entry appears on the docket, it is this Court's understanding that the appeal
was dismissed for failure to prosecute.  With neither party taking any action in the matter for at
least 120 days, on July 28, 2009, the Court filed a notice of call for dismissal pursuant to Rule
41.1(a).  (Doc. No. 15.)  However, on August 5, 2009, Plaintiff filed a request for default.  (Doc.
No. 16.)  Having received the request, the Court issued an Order to Show Cause on August 10,
2009, requiring Defendant or his attorney to appear on September 8, 2009, to explain why the
Court should not grant Plaintiff's request.  (Doc. No. 18.)

     During the hearing, Lance Brown, Esq., on behalf of Defendant argued that he should be
permitted to file answer and that default should not be entered.  Mr. Brown stated that filing an
answer in this matter had been overlooked as he represents many other defendants involved.
Plaintiff pointed out that Defendant has not provided the Court with any excuse regarding his
failure to file Answer.  The Court concluded that Defendant failed to justify his failure to file

Answer or otherwise meaningfully defend this matter from its conception.   While Mr. Brown asserted that the defense that Defendant would assert in response to the allegations stated in the Complaint is that Defendant had paid a certain sum with a check, for which he did not receive credit against the amount that was allegedly unfunded, Defendant has failed to produce a copy of both sides of the check to his adversary and to the Court, and therefore, he has failed to properly assert the defense. After the Show Cause hearing, the Court granted Plaintiff's request for default.  (Order Sept. 25, 2009; Doc. No. 21.)

Plaintiff filed its Motion for Default Judgment on October 23, 2009.  (Doc. No. 25.) Defendant failed to file opposition to the Motion for Default Judgment.


## II.   DISCUSSION

### A.   Standard of Review

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma

3

<u>Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." <u>Doug Brady</u>, 250 F.R.D. at 177 (citing <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." <u>Id.</u> (citing <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 867-68 (3d Cir. 1984)).

### B.    Analysis

The Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). <u>See Husain v. Casino Control Comm'n</u>, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). <u>See also</u> 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the

4

unfunded capital commitment in the amount of $9,217.00"; that Defendant was "issued an

unfunded capital commitment demand letter dated March 11, 2008 demanding payment of the

amount of $9,217.00"; that "no payment has been made by the defendant"; that the LPA states

that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to

the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date

the unfunded capital commitment was due"; and that for these reasons, the Court should grant

default judgment in favor of Plaintiff. (Doc. No. 1 at ¶¶ 7, 10, 15 to 17.)

 The Court concludes that default judgment is appropriate here.  First, Plaintiff's

unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See

Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.   In addition, Defendant has not offered any

opposition to the Motion for Default Judgment, and therefore, the Court concludes that the

Defendant has not offered information regarding the existence of a meritorious defense.

Moreover,  the facts as alleged in the Complaint provide no indication of a meritorious defense.

Plaintiff has been prejudiced in that this action was filed on April 22, 2008, as an ancillary matter

to another case before this Court, and Plaintiff has also been prejudiced because Defendant has

failed to meaningfully respond to the allegations.  Defendant's failure to meaningfully participate

in this litigation compels this Court's grant of default judgment.  The Court concludes that

Defendant is culpable in respect to his failure to meet his obligations under the LPA.

 Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by

Defendant, indicating that the amount of his total commitment was $230,000.00 at the time of

signing.  (Doc. No. 26-6 at 2, 5.)  Defendant thereafter assigned fifty (50%) of his interest to one

Robert Klein, leaving Defendant with a $115,000.00 commitment.  (Doc. No. 26-7.)  Plaintiff

has also provided Defendant's Schedule K-1 tax documents for the years 1996 through 2005. (Doc. No. 11-8.) Box J(b) of these forms indicates that Defendant declared a total of $166,750.00 capital contributed and $60,967.00 capital withdrawn in 2000, netting a contribution total of $105,783.00. (Id.; Doc. No. 26.) Plaintiff subsequently sent a demand letter to Defendant, dated March 11, 2008, which states these figures exactly. (Doc. No. 26-10 at 2.) Specifically, the demand letter states that total amount Defendant had contributed to date was $105,783.00, that Defendant's total commitment was $115,000.00, and that therefore, the amount due is $9,217.00. The Court accepts these proofs, and therefore determines that damages are due in the amount demanded of $9,217.00, plus ten percent interest from the date due, March 11, 2008.

III.    **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment in the amount of $9,217.00 plus ten percent interest from the date of March 11, 2008. An appropriate form of Order accompanies this Opinion.

Dated: April 26, 2010

                                    s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.